**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAURICE HARDAWAY, #B-59247,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-556-JPG** |
| | ) | |
| **BRETTA MEYERHOFF, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. §1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. §1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

September 16, 2009 Plaintiff was questioned by Defendant Meyerhoff regarding the alleged selling of fake electronic contracts in the prison. Plaintiff responded that he did not have any information, signed documents giving his consent to take a lie detector test[1], and then returned to the inmate waiting area. Upon returning to this area, Plaintiff was sent to segregation, where he later received a disciplinary report written by Defendant Meyerhoff, charging Plaintiff with forgery, misuse of property, and trading and trafficking.

On September 18, 2009 Plaintiff received a disciplinary hearing before Defendant Parnell. At this hearing Plaintiff was denied the opportunity to present handwriting evidence that would have shown that the forged documents were not written by Plaintiff's hand. Instead, Defendant Parnell denied Plaintiff's evidence, and used evidence supplied by a confidential witness to find Plaintiff guilty. Plaintiff was then sentenced to six months of segregation.

Plaintiff then filed a grievance with Defendant Cowan, alleging that the disciplinary hearing had been faulty. Defendant Cowan denied this grievance, and when it was forwarded to Defendant

[1] It is unclear at this point whether the lie detector test was ever given to Plaintiff, or if he was charged based on other evidence.

Gaetz it was denied a second time. Some time later Plaintiff appealed to the Administrative Review Board, which stated that based on its review it recommended that a new hearing be held regarding the ticket, for which more evidence needed to be collected, and that Plaintiff's grievance be affirmed.

**Discussion:**

Plaintiff claims that his due process rights were violated when he was not allowed to present his own evidence at his disciplinary hearing, and also when he was denied the opportunity to review the evidence offered against him by Defendant Parnell. Prison disciplinary hearings satisfy due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner 24 hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution nor correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

Plaintiff has sufficiently alleged that Defendant Parnell violated his rights to due process. Although Plaintiff was given notice, the right to appear at his hearing, and a written statement concerning his guilt, he was consistently denied the opportunity to present his handwriting evidence, which he believed would exonerate him. The Court in *Wolff* requires that a plaintiff be given the

opportunity to present this sort of evidence, which Plaintiff was not. As a result, this claim for violation of due process against Defendant Parnell cannot be dismissed at this time.

Plaintiff claims his due process rights were further violated when Defendant Meyerhoff wrote him a disciplinary ticket based on insufficient evidence. A plaintiff states a claim for violation of procedural due process rights when he alleges that defendants have filed and/or approved disciplinary tickets, reports, and other documents that contain false charges that are not supported by any evidence. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The issuance of these documents containing false statements rises to a substantive due process violation where the charges were fabricated in retaliation for the plaintiff's exercise of a constitutional right. *Id.* at 1402-03; (*see Cain v. Lane*, 875 F.2d 1139, 1145 (7th Cir. 1988); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (stating that the filing of a false disciplinary charge against a prisoner is actionable under §1983 where it is done for retaliatory purposes).

Plaintiff does not allege that Defendant Meyerhoff fabricated the report, much less that it was done out of retaliation. Plaintiff simply complains that the report was based on insufficient and false information, and while this does not amount to a substantive due process violation, it is a violation of procedural due process based on the decision in the *Black* case. 22 F.3d at 1402. For this reason, this claim against Defendant Meyerhoff cannot be dismissed at this time.

Plaintiff further alleges that his rights were violated when Defendants Cowan and Gaetz denied his grievances based on the faulty disciplinary hearing. However, this Circuit has found that a plaintiff does not have a cause of action for due process violations where he had access to the grievance procedure, but simply did not get the outcome he desired. *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Here Plaintiff complains that he sent grievances to Defendants Cowan and

Gaetz, but they were denied. Plaintiff does not argue that he was unable to file grievances, or even that his grievances were not answered; his argument centers around the outcome with which he disagreed. This does not arise to a violation of Plaintiff's rights, and for this reason this claim against Defendants Cowan and Gaetz is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **COWAN** and **GAETZ** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall prepare for Defendants **PARNELL** and **MEYERHOFF**: (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense

counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: January 26, 2011**

**s/ J. Phil Gilbert**

**U. S. District Judge**