# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE HARDAWAY,          )
                                )
          Plaintiff,           )
                                )
          vs.                )        CASE NO.  10-556-JPG-PMF
                                )
BRETTA MEYERHOFF, et al.,      )
                                )
          Defendants.       )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 24). Plaintiff Maurice Hardaway is challenging prison disciplinary proceedings, claiming that he was subjected to sanctions in violation of his Fourteenth Amendment right to due process of law (Doc. No. 21). The motion is opposed on the basis that genuine issues of fact preclude entry of summary judgment (Doc. No. 27).

In his Amended Complaint, Hardaway alleges that defendant Bretta Meyerhoff falsely accused him of violating prison rules prohibiting forgery, damage or misuse of property, and trading or trafficking. He further claims that defendant Charles Parnell found him guilty of the false charges without any evidence supporting a finding of guilt. When Hardaway challenged the disciplinary decision through the prison's grievance procedure, the Administrative Review Board (ARB) ordered additional procedural steps. That order was not followed, and the Director eventually ordered the ARB to expunge the summary report from Hardaway's prison record. Hardaway seeks compensatory and punitive damages for the time he spent in a prison segregation unit as a result of the improper disciplinary action.

## I.    Summary Judgment Standard

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II.    Supplemental Briefs

Both parties submitted initial briefs and supplemental briefs. Reply briefs are not favored and should be filed only in exceptional circumstances. SDIL-LR 7.1(c). In support of their reply brief, the defendants suggest that the filed a reply to meet new allegations made by Hardaway (Doc. No. 28). The allegations supporting Hardaway's claim are set forth in his Amended Complaint (Doc. No. 21). Because the Amended Complaint was served well before the defendants filed their initial brief in support of their motion for summary judgment, there are no new allegations justifying a reply brief. The reply brief (Doc. No. 28) has not been considered.

Plaintiff's supplemental brief is in the nature of a sur-reply, which is also prohibited by Local Rule. SDIL-LR. 7.1(c). Accordingly, the sur-reply brief (Doc. No. 29) has not been considered.

## III.    Deprivation of a Liberty Interest

The first argument in favor of summary judgment challenges the sufficiency of Hardaway's evidence supporting his due process claim. The defendants argue that the challenged disciplinary proceedings did not deprive Hardaway of a liberty interest protected by the Due Process Clause. In support of this position, they direct the Court's attention to Hardaway's pleadings and three pages from a transcript of Hardaway's deposition.

The defendants are correct to the extent that they argue that a due process claim must be supported by evidence that the disciplinary proceedings deprived Hardaway of a protected liberty

interest. *See Marion v. Radtke*, 641 F.3d 874, 876 (7th Cir. 2011). A prisoner's liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). While the Court of Appeals has described liberty interests in avoiding segregated confinement as "very limited or even nonexistent," *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009), that liberty interest "*may* arise if the length of segregated confinement is substantial" and the "conditions of confinement are unusually harsh." *Id.* at 697-698. For example, in *Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995), the Court of Appeals required further development of facts before deciding whether a period of segregation lasting six months was an extreme term.

Defendants' references to Hardaway's pleadings is not particularly helpful. At the outset, it must be noted that the operative pleading is Hardaway's Amended Complaint, which supersedes his original pleading. *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004)("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void"). Hardaway's Amended Complaint is supported by allegations suggesting that the conditions he experienced over a lengthy term of segregation were unusually harsh (Doc. No. 21). The defendants may be suggesting that Hardaway made a judicial admission in the Amended Complaint, pleading himself out of Court. By supplying detailed factual allegations, a plaintiff may plead enough information to show that he has no claim. *Esmail v. Macrane*, 53 F.3d 176, 179 (7th Cir 1995). If this is the defense argument, it lacks merit. Hardaway did not allege detailed facts showing that his term in segregation was relatively short or that the conditions he experienced were typical of prison confinement. Rather, Hardaway's allegations require further factual development per the *Whitford v. Boglino* decision. Additional facts are needed to determine whether Hardaway was deprived of a protected liberty interest.

The defendants also submit portions of Hardaway's deposition testimony. In the pages referenced, Hardaway describes the disciplinary hearing, the sanctions imposed, and his initiation of a grievance. This testimony does not clarify the nature of the conditions Hardaway experienced in segregation and also fails to support a finding that he was not deprived of a protected liberty interest. In sum, the defendants have not pointed to facts showing that they are entitled to judgment in their favor on Hardaway's due process claim.

## IV.    Damages for Mental Injury

Defendants also seek judgment in their favor under Title 42 U.S.C.§ 1997(e)e, which provides that prisoner actions for mental or emotional injury must be accompanied by a prior showing of physical injury. The defendants support this argument by referring to Hardaway's original and amended pleadings. As noted above, the operative pleading is the Amended Complaint. In his Amended Complaint, Hardaway describes a lengthy period of segregated confinement, accompanied by mental, economic, and physical injuries (Doc. No. 21).

Hardaway's allegations do not amount to a judicial admission that he cannot support his claim for damages. Even if Hardaway cannot link his mental symptoms to a physical injury, he may recover other elements of damages. *See Calhoun v. DeTella*, 319 F.3d 936, 939-40 (7th Cir. 2003). This argument for judgment in favor of the defendants lacks merit.

## V.    Expungement of Disciplinary Report

Defendants also seek judgment in their favor on the basis that Hardaway suffered no due process violation due to administrative expungement of his disciplinary record. When erroneous disciplinary action is reversed through the administrative remedy process, there is no due process violation. *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995)(due to ARB action, the inmate plaintiff did not serve any additional time in segregation due to the improper portion of the disciplinary decision).

In support of this position, the defendants refer to an allegation in the original Complaint (Doc. No. 25, p. 3).  As noted above, allegations in the original Complaint have been superseded by the Amended Complaint.  This pleading does not establish that the ARB's action reversed the erroneous disciplinary action.  Rather, Hardaway can prove that he served the full sanction before any expungement occurred.  This argument for judgment in favor of the defendants lacks merit.

## VI.    Qualified Immunity

Defendants also seek a finding in their favor on a qualified immunity defense.  Qualified immunity is an affirmative defense.  An affirmative defense is raised by pleading the defense in an Answer.  Fed. R. Civ. P. 8(c).  Because an Answer to the Amended Complaint is not on file, there is no qualified immunity defense before the Court.  The defense argument in favor of qualified immunity should be denied without prejudice.

## VII.   Conclusion

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 24) be DENIED.

**SUBMITTED:   February 16, 2012   .**

**   S/Philip M. Frazier   **
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**