UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE HARDAWAY, | | |
| Plaintiff, | | |
| v. | | Case No. 10-cv-556-JPG |
| BRETTA MEYERHOFF, CHARLES PARNELL, JEANETTE COWAN and DONALD GAETZ, | | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc.
30) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motion for
summary judgment filed by defendants Bretta Meyerhoff and Charles Parnell (Doc. 24).
Meyerhoff and Parnell have objected to the Report (Doc. 32).

**I.      Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or
recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P.
72(b)(3).  The Court must review *de novo* the portions of the report to which objections are
made.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews
those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th
Cir. 1999).

**II.     The Report and Objection**

In this case, Hardaway, an inmate in the Illinois Department of Corrections, alleges a
Fourteenth Amendment violation because he was forced to spend six months (182 days, to be
exact) in disciplinary segregation on a charge that was eventually expunged.  Magistrate Judge

Frazier found that the defendants failed to establish that Hardaway cannot show his stay in segregation implicated a liberty interest protected by the Fourteenth Amendment.  Specifically, it is possible he can show his confinement in segregation was of substantial length and presented unusually harsh conditions.  Magistrate Judge Frazier further found that Hardaway may be able to recover for physical injuries and may therefore also be able to recover for mental and emotional injuries despite 42 U.S.C. § 1997e(e).  Magistrate Judge Frazier found that Hardaway may also be able to show he served his full disciplinary sanction before his disciplinary action was expunged, so his Fourteenth Amendment due process claim would not be mooted by the expungement.  Finally, Magistrate Judge Frazier rejected a qualified immunity defense because it had not been pled in an answer to Hardaway's amended complaint.

The defendants object (Doc. 32) to the Report's finding that Hardaway may be able to show he had a protected liberty interest in remaining out of segregation.  They compare Hardaway's confinement to that suffered by the prisoner in *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997), in which the prisoner was confined in similar – but not identical – conditions for 70 days.  The Court found no need to inquire into the conditions of his confinement and held that the short duration meant no liberty interest was implicated.  They also argue that Hardaway's physical injuries came from his cellmate, not the conditions of his segregation confinement, and that the Court should address the qualified immunity defense even though it was not pled in an answer.

## III.    Analysis

The Court believes it is appropriate to address the qualified immunity defense at this time even though an answer containing this affirmative defense was not on file at the time the defendants filed their motion for summary judgment.  The defendants have since filed an answer

2

asserting the defense.

Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). It applies only to state officials who occupy positions with discretionary or policymaking authority and who are acting in their official capacities. *Harlow*, 457 U.S. at 816; *Denius*, 209 F.3d at 950.

The qualified immunity test has two prongs: (1) whether the facts shown, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232; *see Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999). While it is often beneficial to first inquire into whether the plaintiff has shown a constitutional violation, the Court has discretion to address the second prong first in light of the circumstances of the case. *Pearson*, 555 U.S. at 236.

Here, it was not clearly established in September 2009, when Hardaway's term of disciplinary segregation began, that keeping an inmate confined in disciplinary segregation for six months in a cell with a solid steel door and a cellmate and letting him out only once a week to shower and once a week for yard recreation (or any other similar circumstances) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the test for whether a liberty interest is

implicated by the special confinement.  By September 2009, the Supreme Court had decided

*Wilkinson v. Austin*, 545 U.S. 209 (2005), in which it found that indefinite confinement without

possibility of parole in a cell with a solid metal door for 23 hours a day with a light on at all

times, isolation from other inmates, and few opportunities for visitors imposes an "atypical and

significant hardship" because of the lack of sensory stimuli and almost all human contact.  *Id.* at

224.

       Prisoners have often advanced the argument that confinement in disciplinary segregation

presents an "atypical and significant hardship."  While due process claims based on relatively

short terms of segregation do not implicate a prisoner's liberty interest, lengthy confinement

combined with unusually harsh conditions in segregation can.  *See Marion v. Columbia Corr.*

*Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (citing *Wilkinson*, 545 U.S. at 224;  *Sandin v.*

*Conner*, 515 U.S. 472, 486 (1995) (30 days in disciplinary segregation did not implicate liberty

interest).  "[B]oth the duration and the conditions of the segregation must be considered in the

due process analysis."  *Marion*, 559 F.3d at 698.  The Seventh Circuit Court of Appeals held in a

published opinion that a 240-day disciplinary segregation confinement requires scrutiny of the

conditions of that confinement, *id.* at 698-99, and in an unpublished opinion that a 90-day

disciplinary segregation confinement does too, *Younger v. Hulick*, No. 11-2139, 2012 WL

1633032, * 2 (7th Cir. May 10, 2012).  In *Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995), the

Court held that a term of disciplinary segregation of six months did not implicate a liberty

interest simply because of the length of the term, but that it could if the conditions imposed an

"atypical and significant hardship,"  *Id.* at 533 (quoting *Sandin*, 515 U.S. at 486).  In contrast, the

Court of Appeals has also held that a 70-day segregation confinement, *Thomas v. Ramos*, 130

F.3d 754, 761 (7th Cir. 1997), does not implicate a liberty interest regardless of the conditions of

4

the confinement.

The most that can be said for the jurisprudence existing in September 2009 regarding what presents an "atypical and significant hardship" is that it is not at all clear except at the fringes, like *Wilkinson* (liberty interest in not being confined in supermax prison confinement) and *Sandin* (no liberty interest in not being subject to 30 days of disciplinary segregation).  For example, the Seventh Circuit has held that a six-month confinement in disciplinary segregation does not implicate a liberty interest simply because of the length of the confinement, *see Whitford*, 63 F.3d at 533, and it has held that conditions similar to Hardaway's do not implicate a liberty interest when only imposed for 70 days, *See Thomas*, 130 F.3d at 761.  However, there is no case saying whether a six-month confinement in Hardaway's conditions implicate a liberty interest.  While the Court thinks that it might – for an extended period of time Hardaway was in a solid-door cell isolated from all other inmates except for his possibly violent cellmate and was let out briefly only two times a week – the defendants should not be liable because they guessed otherwise and their guess might be wrong.  Consequently, the defendants are entitled to qualified immunity.

**IV.     Conclusion**

For the foregoing reasons, the Court:

- **REJECTS** the Report (Doc. 30);

- **GRANTS** the defendants' motion for summary judgment (Doc. 24); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: June 27, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5