UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE HARDAWAY,

    Plaintiff,

    v.

BRETTA MEYERHOFF, CHARLES
PARNELL, JEANETTE COWAN and
DONALD GAETZ,

    Defendants.

Case No. 10-cv-556-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Maurice Hardaway's motion to alter or amend the judgment (Doc. 44) and motion to submit an exhibit to support his motion to alter or amend the judgment (Doc. 45) and on his appointed counsel's motion for leave to withdraw (Doc. 46). The Court entered judgment in this case on June 27, 2012.

Counsel, who was appointed in anticipation of this case proceeding to a jury trial, has asked to withdraw in light of the fact that the Court has decided this case on a legal issue – qualified immunity – and has entered judgment without holding a trial. In light of the fact that there will be no trial and that Hardaway has demonstrated his competence to make arguments in his post-judgment motions, the Court believes appointment of counsel is no longer necessary. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). For these reasons, the Court will grant counsel's motion to withdraw (Doc. 46).

Hardaway asks the Court to reconsider its judgment, which was based on its finding that the law was not clearly established at the relevant time that the defendants' conduct violated Hardaway's constitutional rights. The Court construes this motion under Federal Rule of Civil Procedure 59(e) because Hardaway placed it into the prison mail system on July 17, 2012. *See*

*Houston v. Lack*, 487 U.S. 266, 276 (1988). Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (same).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In his motion to alter or amend the judgment, Hardaway reiterates arguments he made earlier in this case and fails to point to any caselaw that clearly established at the relevant time that the defendants' placement of Hardaway in segregation for 182 days implicated a liberty interest protected by the Fourteenth Amendment. For this reason, the Court will deny

Hardaway's motion to alter or amend the judgment (Doc. 44).

The Court will further deny Hardaway's motion for leave to submit an exhibit in support of his Rule 59(e) motion (Doc. 45). He asks to submit a December 23, 2009, letter from the Administrative Review Board and adopted by the director of the Illinois Department of Corrections remanding his disciplinary conviction. However, this exhibit would not have any impact on the Court's final decision. The judgment in this case was based on a legal issue about the state of the law at the relevant time, not a factual one about the events of this case.

For the foregoing reasons, the Court:

- **GRANTS** counsel's motion to withdraw (Doc. 46);
- **DENIES** the plaintiff's motion to alter or amend the judgment (Doc. 44); and
- **DENIES** the plaintiff's motion for leave to submit an exhibit (Doc. 45).

**IT IS SO ORDERED.**
**DATED: July 27, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**